IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

                    Plaintiff,

        Vs.                                    Nos.  06-3322-SAC
                                                     04-40003-01-SAC

TERRY L. CORBER,

                    Defendant.


MEMORANDUM AND ORDER

        Following a jury trial, the defendant was convicted of

distributing cocaine base, was sentenced to a term of 136 months of

imprisonment, and then unsuccessfully appealed his conviction.  The

defendant timely files his motion for relief pursuant to 28 U.S.C. § 2255

arguing his trial counsel was ineffective in submitting and attempting to

prove an entrapment defense.  As relief on his motion, the defendant asks

the court to set aside the judgment of conviction and allow him "to accept

the government's offer of 48 months."  (Dk. 85, p. 2).  The defendant asks

for the appointment of counsel to represent him in this proceedings.

**Background**

        After two days of evidence and less than two hours of

deliberation, the jury found the defendant guilty of the single count indictment which charged him with distributing cocaine base on February 20, 2003. (Dks. 44 and 47). The defendant timely filed a motion for new trial pursuant to Fed. R. Crim. P. 33 arguing error in that the court did not instruct the jury on entrapment and so denied the defendant a jury verdict on his defense. (Dk. 50). The district court overruled the new trial motion as the defendant had failed to show that he had presented sufficient evidence at trial of inducement to justify an entrapment instruction. (Dk. 52, p. 8). Sentenced on April 27, 2005, the defendant timely appealed his conviction which was affirmed in an order and judgment filed December 21, 2005. (Dk. 80). His only issue on appeal was that the district court had erred in denying him a jury instruction on entrapment. The Tenth Circuit affirmed the conviction finding "no evidence at trial suggesting that the Government induced Corber to sell crack cocaine." *Id.* at pp. 4-5. The defendant timely filed his § 2255 motion now pending in this court.

**Issue**

Was the defendant constitutionally denied effective assistance of trial counsel in that his counsel had the defendant testify in support of an entrapment defense when counsel knew the facts of the case would not

2

sustain giving a jury instruction on entrapment?

**Request for Evidentiary Hearing and Appointment of Counsel**

A defendant generally has no right to counsel in the prosecution of a § 2255 motion, because the right to appointed counsel extends to the first appeal of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). An exception to the general rule entitles a defendant to counsel when an evidentiary hearing is required in a § 2255 proceeding. *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). In light of the exhaustive trial record and the nature of the defendant's argument, an evidentiary hearing is unnecessary.[1] Although a district court may appoint counsel when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), the issue raised here is not unusually complex either legally or factually, and its merits do not appear colorable. The appointment of counsel to further investigate

---

[1]An evidentiary hearing on a § 2255 motion is held "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). The burden is with the defendant to allege facts which, if proven, would entitle him or her to relief. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). "The allegations must be specific and particularized, not general or conclusory." *Id*. A hearing is unnecessary on the issue and arguments advanced in the defendant's motion, as the materials already of record conclusively show the defendant is not entitled to relief.

these claims seems futile.  The defendant's pro se pleadings demonstrates he is capable of adequately articulating his claims, albeit in a somewhat rambling fashion.  The court denies the defendant's request for appointed counsel.

**Argument**

The defendant contends he was denied effective assistance of trial counsel in that his counsel had him testify at trial in support of an entrapment defense when trial counsel should have known the testimony and facts would not sustain a jury instruction on entrapment under controlling precedent.  The defendant complains that his testimony only "served to bring in a guilty verdict."  (Dk. 85, p. 11).  He questions that there was any reasonably sound or plausible trial strategy to having the defendant testify against himself without any legal basis for thereafter securing a jury instruction on entrapment.

Beginning from the presumption of reasonableness that initially frames any challenge to counsel's decisions made as part of trial strategy, the government observes the record shows counsel's decision was informed and reasonably related to a plausible defense strategy.  The government outlines defense counsel's arguments and citations of

4

authority offered at the jury instruction conference.  Though unsuccessful at trial and on appeal, the counsel's legal arguments and authorities demonstrate that he was adequately informed of both the relevant law and the facts and that this trial strategy was not objectively unreasonable.

**Governing Standards for § 2255 Relief**

"The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Williamson v. Ward*, 110 F.3d 1508, 1513-14 (10th Cir. 1997) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)).  To prevail on a claim of ineffective assistance of counsel, the defendant must prove two prongs:  first, "that his 'counsel's representation fell below an objective standard of reasonableness,' *Strickland v. Washington*, 466 U.S. 668, 688 (1984)," and second, "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694." *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2005).  "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland v.*

*Washington*, 466 U.S. at 697.

With regard to the first prong, it must be noted that "'[t]he Supreme Court has recognized that because representation is an art and not a science, even the best criminal defense attorneys would not defend a particular client in the same way.'" *Fields v. Gibson*, 277 F.3d 1203, 1217 (10th Cir.) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1522 (11th Cir. 1995) (en banc) (alterations, quotation marks, and citations omitted), *cert. denied*, 516 U.S. 856 (1995)), *cert. denied*, 537 U.S. 1023 (2002).  To be constitutionally deficient, defense counsel's performance must be "completely unreasonable."  *Id.*;  see *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999) ("For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."), *cert. denied*, 528 U.S. 1167 (2000).  Thus, a defendant may prove this prong by showing a counsel's conduct was not "within the wide range of competence demanded of attorneys in criminal cases."  *United States v. Blackwell*, 127 F.3d 947, 955 (10th Cir. 1997) (quotation and citations omitted).  A court's review of the attorney's performance must be highly deferential.  *Strickland*, 466 U.S. at 689.  In its evaluation of such claims, a court "must indulge a strong presumption that counsel's conduct

6

falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689; *see United States v. Holder*, 410 F.3d 651, 654 (10th Cir. 2005).

The second prong looks at whether counsel's constitutionally ineffective performance affected the outcome of the trial.  To prove this prejudice requirement, the defendant "must show that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).  When the allegation is ineffective assistance at trial, a court must "determine whether there is a reasonable probability the jury would have had reasonable doubt regarding guilt." *Id.* (citations omitted).  "The prejudice defendant must demonstrate is by less than a preponderance of the evidence: a defendant need not show that counsel's deficient conduct more likely than not altered the outcome of trial." *Snow v. Sirmons*, 474 F.3d 693, 719 -720 (10th Cir. 2007) (quoting *Fisher v. Gibson*, 282 F.3d 1283, 1307 (10th Cir. 2002)).  The court looks at the totality of the evidence in assessing prejudice. *Boyd*, 179 F.3d at 914.

**Analysis**

A defendant is "entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Mathews v. United States*, 485 U.S. 58, 62 (1988). "The defendant must show, either by presenting his own evidence or by pointing to evidence presented by the government in its case-in-chief, his lack of predisposition to commit the crime and 'government involvement and inducement.'" *United States v. Scull*, 321 F.3d 1270, 1275 (10th Cir.) (quoting *United States v. Ortiz*, 804 F.2d 1161, 1164-65 (10th Cir. 1986)), *cert. denied*, 540 U.S. 864 (2003). In deciding whether the evidence is sufficient to create a jury issue, the court accepts the testimony most favorable to the defendant. *United States v. Scull*, 321 F.3d at 1275. "'Inducement' is 'government conduct which creates a substantial risk that an undisposed person or otherwise law-abiding citizen would commit the offense.'" *United States v. Scull*, 321 F.3d at 1275 (quoting *United States v. Ortiz*, 804 F.2d at 1165). Inducement may include: "'persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.'" *United States v. Ortiz*, 804 F.2d at 1165 (quoting *United States v. Burkley*, 591 F.2d 903,

913 & n.18 (D.C. Cir. 1978), *cert. denied*, 440 U.S. 966 (1979)).

As displayed at the jury instruction conference, defense counsel was informed and knowledgeable of relevant Tenth Circuit precedent and did understand and argue the proper threshold showing needed for a jury instruction on entrapment.  Defense counsel observed a factual similarity with *United States v. Duran*, 133 F.3d 1324 (10th Cir. 1998), in that the defendant was pressured into acting as the intermediary for the real drug supplier.  Defense counsel cited *United States v. Fadel*, 844 F.2d 1425 (10th Cir. 1998), as holding that a defendant's proof for an entrapment defense need only be "slight" or enough to create "a factual issue."  (Dk. 76, p. 398).  Defense counsel called the court's attention to *United States v. Scull*, 321 F.3d 1270 (10th Cir. 2003), for the rule that in deciding whether the evidentiary threshold for entrapment has been met, the court should construe the testimony most favorably for the defendant.

Armed with these authorities, defense counsel reasonably argued that the testimony elicited from his client, the officers and the Radfords sufficiently created a factual issue justifying an entrapment instruction.  Counsel emphasized several circumstances as giving rise to the issue of persuasion or inducement.  First, the government introduced

9

nothing to show the defendant's predisposition to sell drugs, that is,

evidence of the defendant ever selling drugs on prior occasions.  Second,

the Radfords were not strangers to the defendant, as he had known them

for some time and was aware of their involvement in the drug world.  Third,

Ed Radford had called the Corber household repeatedly seeking to buy

drugs from the defendant's father or uncle.  On a few occasions, the

defendant answered the phone and told Ed Radford that he couldn't sell

him drugs.  Fourth, Corber did not arrange the drug transaction between

Larry White but only went along to assist White in finding Radfords'

apartment.  While Corber upon White's offer also delivered the drugs to Ed

Radford, defense counsel argued that Corber would never have found

himself in this situation without Ed Radford's repeated phone calls.  The

defense counsel arguing a liberal interpretation of the testimony attempted

to craft an entrapment defense from the government agent being a family

acquaintance who initiated the contact and persisted in asking for drugs

despite the defendant's earlier refusals and from the defendant having

played only a random and unplanned role in the distribution.  Though such

evidence and arguments were found to be insufficient to prove inducement,

the court does not find that the defense counsel's strategy was completely

unreasonable.[2]

Because the defendant is unable to prove the first prong under *Strickland*, the court will not address and decide the second prong.  The defendant is not entitled to relief requested in his § 2255 motion.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §  2255 (Dk. 85) is denied.

Dated this 12th day of March 2007, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[2]An audio recording was made of the defendant's delivery of the cocaine base to the Radfords.  The recording was played to the jury.