IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff,

        Vs.                                        No.  04-40003-01-SAC

TERRY L. CORBER,

                    Defendant.

MEMORANDUM AND ORDER

        This case comes before the court on the defendant's motion to

reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dk. 98) and his

pro se amended motion to reduce (Dk. 101).  The defendant asks the court

to reduce his sentence from 136 months to 113 months based on

Amendment 706 to the United States Sentencing Guidelines that generally

adjusts downward by two levels the base offense level assigned to

quantities of cocaine base listed in the Drug Quantity Table of § 2D1.1(c).

*See* U.S.S.G. App'x C Supplement Amendment 706 (Nov. 1, 2007).  This

amendment took effect on November 1, 2007, and was made retroactive

as of March 3, 2008.  The government has filed its response opposing the

motion.  (Dk. 102).

**PROCEDURAL AND FACTUAL HISTORY**

On December 13, 2004, a jury found the defendant guilty of a single count of distribution of cocaine base.  The presentence report ("PSR") initially calculated a base offense level of 26 under the drug quantity tables at U.S.S.G. § 2.D1.1.  The PSR also listed for the defendant three prior residential burglary convictions that made him eligible for the career offender guideline at U.S.S.G. § 4B1.1.  Accordingly, the PSR recommended applying the career offender guideline with the higher total offense level of 34.  *See* U.S.S.G. § 4B1.1.  The defendant's criminal history category was six either as calculated under § 4A1.1 or as determined under the career offender guideline of § 4B1.1.  Thus the defendant's guideline sentence range would have been 120-150 months without the career offender enhancement, but with it, his guideline sentence range was 262-327 months.

Before the sentencing hearing, the court addressed the defendant's two unresolved objections to the PSR.  The court did not decide the first objection regarding the PSR's use of information not admitted as evidence at trial because a ruling either way would have had no effect on the sentence.  The defendant's second objection questioned

2

the PSR's failure to apply an adjustment for his acceptance of responsibility.  The court reviewed the defendant's arguments and ruled that "the defendant ha[d] not carried his burden of proof of clearly demonstrating an acceptance of responsibility from pretrial statements and conduct and through his decision to exercise his right to trial."  (Dk. 55 at p. 7).  The PSR's findings and recommendation were not affected by the court's ruling.

Just four months before the defendant's sentencing, the Sentencing Guidelines were made advisory by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).  *Booker* was followed at sentencing, and the court weighed the 18 U.S.C. § 3553(a) factors in arriving at a sentence "sufficient, but not greater than necessary" to achieve the statutory purposes.  (Dk. 59, pp. 3-4).  The court identified and addressed several mitigating factors present in the defendant's case.

Though the defendant's three residential burglaries were "crimes of violence" under the career offender guideline applied to this case, the court relied on its sentencing discretion under § 3553(a) that had been restored by *Booker* and placed weight on "other considerations unique to this case that impel tailoring a sentence below the career

3

offender guideline range." (Dk. 59, p. 5).  It observed that none of the burglaries involved the actual or serious potential risk of violence or injury to others, as necessarily contemplated in the operation of § 4B1.1.  *See* Application 1 of U.S.S.G. § 41.2(a) (defining a "crime of violence" for purposes of the § 4B1.1 enhancement).  The court further noted that all three burglaries occurred during a three-year period before the defendant was 25 years old.   The last of the burglaries occurred almost seven years before the present conviction for distribution of cocaine base, and "[n]one of the three burglaries involved a substantial property loss to the victim." (Dk. 59, p. 6).  The court characterized the defendant as  "a 'small-time' burglar facing a federal sentence of nearly twenty-two years for his first drug conviction."  *Id.*

        The court expressed concern that the defendant's single delivery of 8.59 grams of cocaine base is "not what one would expect to result in a sentence in excess of twenty years," (Dk. 59, p. 6), and that "[t]here is nothing of record from which to infer . . . that the defendant regularly sold any significant quantities of cocaine base," (Dk. 59 at p. 7). The court also noted that a strict application of the career offender guideline sentencing range "would result in serious sentence disparities

among defendants found guilty of similar conduct." (Dk. 59, p. 7). The defendant's father and uncle had been convicted on separate charges of distributing cocaine base to the same informants within a month of the defendant's arrest. While both had made more than one sale of cocaine base to the informants, they received sentences of 60 and 37 months respectively. Neither defendant was subject to the career offender guideline. After balancing all these factors and others, the court determined that a variant sentence of 136 months was appropriate:

> [T]he court finds that a sentence of 136 months which is below the guideline range required by the career offender provisions but which falls in the upper half of the guideline range established by giving full weight to the defendant's criminal history (offense level of 26 and criminal history category of six) would be sufficient but not greater than necessary to meet the different purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

(Dk. 59, p. 9).

## LEGAL ANALYSIS

The court may reduce a defendant's sentence if the"term of imprisonment [was] *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission," provided that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (*emphasis added*). The

5

Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B)

provides that such a reduction "is not authorized under 18 U.S.C. §

3582(c)(2) if  . . . an amendment listed in subsection (c) does not have the

effect of lowering the defendant's applicable guideline range."  This policy

statement requires that in considering the appropriateness of a  sentence

reduction pursuant to 18 U.S.C. § 3582(c)(2), the district court "shall

determine the amended guideline range that would have been applicable to

the defendant if the amendment(s) to the guidelines . . . had been in effect

at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  The

policy statement further provides that "if the original term of imprisonment

constituted a non-guideline sentence determined pursuant to 18 U.S.C. §

3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), *a further*

*reduction generally would not be appropriate.*"  U.S.S.G. 1B1.10(b)(2)(B)

(*emphasis added*).

Amendment 706 to the Sentencing Guidelines took effect on

November 1, 2007, and was made to apply retroactively as of March 3,

2008.  *See* U.S.S.G. App'x C Supplement, Amendment 713 (Mar. 3, 2008).

The amendment generally adjusts downward the base offense level

corresponding with quantities of cocaine base listed in the Drug Quantity

6

Table of § 2D1.1(c) by two offense levels.  Amendment 706 lowers the

sentencing range (for defendants with a criminal history category six) in §

2D1.1(c)(7) for offenses involving "at least 5 G but less than 20 G of

Cocaine Base" from 120-150 months (Level 26) to 100-125 months (Level

24).  However, Amendment 706 does not affect the guideline ranges of the

§ 4B1.1 career offender enhancement provision in any way.

In his motion for reduction of the sentence, the defendant

argues several grounds for considering the court's sentence to have been

"based on" the § 2D1.1 guidelines. First, because the court's sentence of

136 months happened to fall *within* the guideline sentencing range

determined from the drug quantity table in the § 2D1.1 guideline, the

defendant argues that the sentence was "based on" § 2D1.1 rather than

the § 4B1.1 career offender guideline provision.  Next, the defendant

mistakenly states that his base offense level under § 2D1.1 was 32.  From

this erroneous premise, the defendant claims that his §4B1.1 base level

was not greater than the §2D1.1 base offense and, thus, could not have

been applicable.[1] As noted above, the defendant's  base offense level

---

[1]As the defendant notes in support of this contention, § 4B1.1 subsection (b) directs that "if the offense level for a career offender is greater than the offense level otherwise applicable, the offense level from the table in this subsection [of the career offender provision] shall not

under § 2D1.1 was 26, or less than the career offender enhancement of 34 which the PSR recommended and the court accepted as a correct guideline calculation.

The defendant also mistakenly states that the court recognized a guideline credit for acceptance of responsibility.  The PSR recommended that "it is not clear whether the defendant truly accepts responsibility for his conduct . . . [so] [c]onsequently, a reduction [for acceptance of responsibility] under § 3E1.1(a) and (b) *is not warranted*" (emphasis added).  The defendant's objection to this recommendation was overruled for lack of proof. (Dk. 55, pp. 5-7).

Finally, the defendant argues that while the amended § 1B1.10(b)(2)(B) suggests that additional reductions are generally not appropriate for sentences originally reduced based on a post-*Booker* variance, § 1B1.10(b)(2)(B) should not apply for two reasons.  First, the defendant argues that § 1B1.10(b)(2)(B)  is entirely advisory after *Booker*. Second, the defendant asserts the court's sentence was not a variance but

---

apply." Nevertheless, the defendant's calculation of the applicable base offense levels under § 4B1.1 and § 2D1.1 is factually erroneous, thus § 4B1.1(b) is inapplicable and the career offender enhancement provision is still applicable.

based on § 2D1.1.  Neither of these arguments holds water.

As to the defendant's first contention, the Tenth Circuit has emphasized that any further reduction of a sentence under  § 3582(c)(2) is to be "consistent with" the applicable policy statements of § 1B1.10.  *U.S. v. Sharkey* , 543 F.3d 1236,1239 (10th Cir. 2008).  In *Sharkey*, as in the present case, the sentence reduction was not consistent with the policy statement in § 1B1.10(a)(2)(B).  *Id.*  Because Amendment 706 did "not have the effect of lowering [the defendant's] applicable guideline range," a modified sentence under § 3582(c)(2) was not appropriate.  *Id.*  The Tenth Circuit read the § 3582 (c)(2) as emphasizing the requirement that a reduction in sentence be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  The Tenth Circuit expressly considered § 1B1.10 to be an "applicable policy statement" referenced in § 3582(c)(2).  Moreover, after *Sharkey*, the Tenth Circuit has held that "this policy statement is binding on district courts pursuant to § 3582(c)(2)." *United States v. Rhodes*, ---F.3d---, 2008 WL 5102247, at *7 (10th Cir. Dec. 5, 2008).  The defendant's argument for treating the § 1B1.10 policy statements on this point as merely advisory finds no traction in this circuit.

The defendant alternatively contends that subsection (b)(2)(B)

9

should not control because his sentence was a guideline sentence based

on § 2D1.1 and not a variance.  The defendant asks the court to follow *U.S.*

*v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Pa. 2008), in which the

sentencing judge had departed downward in the original sentence and

"reduced Poindexter's offense level to that which he would have faced

absent the career offender designation," namely, § 2D1.1.  *Id.* at 581.  In

considering a later reduction request based on § 3582(c)(2), the court

determined that the original sentence had been "based on" § 2D1.1 instead

of the § 4B1.1 career offender provision.  The court explained that the

downward departure was consistent with the guidelines and that the

sentencing court had calculated the departure within a specific guideline

range.  *Id.*  The *Poindexter* decision recognizes that, "in the post-*Booker*

world, of course, the precise allocation of a sentence's variance from the

guideline range to a specific reduction in offense level is no longer

necessary in the end, though it does of course bear on the starting point of

locating the advisory range."  *Id.*

In the present case, the court did not issue a sentence "based

on" § 2D1.1, but rather issued a non-guideline sentence based on the

career offender provision.  The court varied from the guideline range of the

career offender provision by reducing the sentence after considering other mitigating factors under § 3553(a).  The court's sentence nevertheless was based on the guideline range first determined from the career offender provision and not on the guideline range applicable under § 2D1.1.

Amendment 706 does not lower the defendant's applicable guideline range.  Consequently, a reduction of the defendant's term of imprisonment "is not consistent with" U.S.S.G. § 1B1.10 "and therefore is not authorized under 18 U.S.C. §  3582(c)(2)." *United States v. Sharkey*, 543 F.3d at 1239.  The court is "without jurisdiction to consider the motion, and the case should . . . [be] dismissed for lack of jurisdiction." *United States v. Harper*, 2008 WL 2514170, at *2 (10th Cir. Jun. 25, 2008).

IT IS THEREFORE ORDERED that the defendant Terry L. Corber's motions to reduce his sentence in accordance with 18 U.S.C. § 3582(c)(2) (Dks. 98 and 101) are dismissed.

Dated this 5th day of January, 2009, at Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge